FRANCISCO ACEVEDO HERNÁNDEZ ET AL., Plaintiffs and Appellees, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, ET AL., Defendants and Appellants.

No. 6930.   Argued December 3, 1935.—Decided December 5, 1935.

B. *Fernández García, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for the Treasurer of Puerto Rico. *Largé, Acevedo & Lecároz* for appellees.   *Carlos Santana Becerra* for receiver of defendant bank.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 2d of this instant December, two motions filed by the appellees were heard, one for the correction of the record and the other for the dismissal of the appeal.

In support of the first motion the appellees urge that in order that this court may properly pass upon the questions raised by the appellants, it is necessary that there be incorporated in the transcript, copies of two affidavits which were

134

attached to a certain motion for exemption from giving bond, and of a duly served writ directed to the Registrar of Property of Aguadilla for the entry of a notice of the complaint.

After a careful study, we are of opinion that the motion should be granted as regards the affidavits and denied as regards the writ. The latter is not necessary for the decision of the appeal.

In support of their motion to dismiss, the appellees urge that the transcript of the record sent up is void, as it lacks the internal revenue stamps required by law, and that, said transcript being void, "this court lacks jurisdiction to decide the case on the merits." They invoke sections 2 and 6 of Act No. 17 of 1915 (Session Laws, p. 45) and the cases of *Nazario* v. *Santos, Municipal Judge,* 27 P.R.R. 83, and *Polanco* v. *Heirs of Cumpiano,* 36 P.R.R. 543.

It is admitted by the appellant that the certificate of the transcript of record sent up is one of those on which, when issued by the clerk of the district court, must be affixed the internal revenue stamps required by law, and that the transcript issued by the clerk of the District Court of Aguadilla lacks said stamps; but it is maintained that, in spite of this, it is valid because it was issued at the request of the defendant, Manuel V. Domenech, in his capacity as Treasurer of Puerto Rico, and prepared through his attorney, the Attorney General of the Island, for the purpose of perfecting an appeal from a judgment rendered in an action wherein he was sued in his official capacity.

After an examination of the law and the adjudicated cases, we agree with the appellants that a determination of the question depends on whether the Treasurer was sued as such or whether M. V. Domenech was individually sued and the fact that he filled the office of Treasurer was added solely to describe his person. If the former, the certificate is valid; if the latter, it is void; but even in that case this court would retain jurisdiction to grant a new term to perfect the appeal.

On examining the complaint which forms the basis of the action, we find that the appellees filed the same against "Manuel V. Domenech, Treasurer of Puerto Rico, and El Banco Industrial de Puerto Rico, Francisco Font Manzano, Receiver," and exercised three causes of action therein. In paragraph XI of the first it is alleged "that although the above-mentioned promissory note and mortgage did not belong to the Treasurer nor to The People of Puerto Rico, and said Treasurer was not authorized to collect the same, in violation of the order of the District Court of San Juan which prohibited the foreclosure of said mortgage, and notwithstanding the initial petition did not state facts sufficient to constitute a case for relief in favor of the Treasurer of Puerto Rico, the latter brought the mortgage foreclosure proceeding to which reference is made in paragraph VI of this cause of action, and by the order of this court of April 2, 1932, the plaintiffs herein were required to pay to the Treasurer of Puerto Rico, within the peremptory period of 30 days, counted from the date of the writ demanding payment, the sum of two thousand dollars ($2,000) as principal, with interest thereon . . ." In paragraph X of the second it is stated "that for the collection of said mortgage, the defendant Manuel V. Domenech, Treasurer of Puerto Rico, has instituted a mortgage foreclosure proceeding in this Hon. Court against the plaintiffs herein" who were "required to pay to the Treasurer of Puerto Rico . . . within the peremptory period of 30 days, . . ."; and in paragraph VII of the third it is alleged "that for the collection of said mortgage, the defendant Manuel V. Domenech, Treasurer of Puerto Rico, has instituted a mortgage foreclosure proceeding in this Hon. Court against the plaintiffs herein," the latter being required "to pay to the Treasurer of Puerto Rico the principal sum of $2,000, . . ." The complaint contains several prayers for relief. The first is that judgment be rendered holding that "the promissory note sought to be collected does not belong to The People of Puerto Rico nor

to the Treasurer, but to the Banco Industrial de Puerto Rico; . . .''

We think that we need not cite any further instances. It clearly appears that the action was brought against Manuel V. Domenech, Treasurer of Puerto Rico, as such and not individually, and in *Gómez* v. *Board of Examiners, Etc.,* 40 P.R.R. 635, 636, this court, through Mr. Justice Aldrey, said:

''The foregoing shows that the said board is an entity of the Government of Porto Rico and that, therefore, it is not required to cancel any internal revenue stamp as fees, since The People of Porto Rico is not bound to use such stamps. In *López* v. *Insular Police Commission,* 30 P.R.R. 749, it was similarly held that the respondent commission was not bound to affix any internal revenue stamps on a notice of appeal, and we refused to dismiss the appeal for the lack of such a stamp, the case being distinguished from that of *Nazario* v. *Santos, Municipal Judge,* 27 P.R.R. 83, on which the appellee herein relies; and in *Central Victoria* v. *Kramer,* 38 P.R.R. 882, although the question was not passed upon directly—inasmuch as it had not been sufficiently shown that the acts of appellant Kramer were performed by him in his capacity as an officer of the Government of Porto Rico—*it clearly appears from the decision that if he acted as such officer he was not bound to affix any internal revenue stamps on his notice of appeal.* Therefore, the motion to dismiss herein cannot be sustained on that ground.''

Therefore, a dismissal does not lie as regards the Treasurer; but it is contended that it lies as regards the bank. The bank is not an officer nor an agent of The People of Puerto Rico. That is plain; but the fact is also manifest that the bank took an appeal according to law, and that, as the decision appealed from is a single judgment, the transcript sent up by one of the appellants may be availed of by the other, provided that, as happens here, the appellant who sends it up consents thereto. A dismissal of the appeal taken by the bank does not lie, either.